## Hetrick v. Koehler

*Peter Rybak,* for plaintiffs.

*Jackson M. Sigmon* and *Mindlin, Sigmon, Briody & Littner,* for defendant.

PALMER, J., January 8, 1968.—This most interesting case is before us on defendant's preliminary objections to plaintiffs' complaint in trespass.

The complaint avers plaintiffs are the sons of Viola M. Hetrick (Koehler) and Russell R. Hetrick, Sr. The latter died in 1941 and following his death his widow and two sons purchased a four-plot grave in the Hellertown Union Cemetery in Hellertown, Pa., and erected thereon a monument for the family plot with the name "Hetrick" inscribed thereon.

In 1946, Viola M. Hetrick, plaintiffs' mother, married defendant, Frederick Koehler, Sr. She died on August 30, 1966, and was interred in the Hetrick family plot beside the grave of her first husband, Russell R. Hetrick, Sr. Thereafter, defendant, through his agent, and "without the consent or permission of plaintiffs" inscribed the name "Koehler" on the stone and the words "wife of Frederick Koehler, Sr." on its base.

The claim for damages is set forth in paragraphs 10 and 11 as follows:

"10. That because of defendant's utter disregard for plaintiffs' wishes and the wrongful acts of defendant, Frederick Koehler, Sr., and his agent, servant or employee, Ralph W. Paules, the memorial has been damaged and must be replaced at a cost to plaintiffs of Five Hundred Two ($502.00) Dollars.

"11. That because of the aforesaid acts of defendant, plaintiffs have suffered much mental distress and embarrassment all to their financial loss."

In his preliminary objections, defendant alleges the complaint fails to state a cause of action, plaintiffs lack the capacity to sue, and have failed to join an indispensable party. He argues the placing of the name on the stone violated no right of plaintiffs in that their mother was a part-owner of the plot and the headstone. He also contends that "to the extent that litigation involves an interest which the decedent owned during her lifetime, that interest must be protected on the record, for if it passed by way of intestacy or by will title to it should not be adjudicated without appointing a fiduciary on behalf of the estate as an indispensable party."

The preliminary objections must be overruled.

We start with the premise the Hetrick family tombstone was a memorial for those of the Hetrick family

buried in the graves over which the stone was mounted. No strangers to their blood and name had any right whatsoever to cause any inscriptions to be made on the stone without the consent of plaintiffs and particularly to place a name on the stone foreign to their blood. In our view, such an act constituted not only a trespass, but a desecration of the stone.

"In recognition of the universal sentiment of mankind, the right to decent burial is well guarded by the law, and relatives of the deceased may insist upon legal protection of the burial place from unnecessary disturbance or wanton violation": 14 Am. Jur. 2d, Cemeteries, §39, page 746. "The person erecting a tombstone may maintain an action for its injury, and after his death the heirs of him in whose honor it was erected may prosecute such action": 14 C. J. S. 96 §36(b).

While it has been suggested in some jurisdictions the gist of the action is trespass upon plaintiffs' lot or land to which they have either title or the right to possession, it has been held in other jurisdictions the act of trespass or desecration is either an interference with the right of burial, giving a cause of action in tort against the wrongdoer, or is a violation of a purely personal right.

We agree with the following expression contained in the opinion in Block v. Har Nebo Cemetery Company, 14 D. & C. 237, a case in which it was alleged plaintiff had no property interest in the cemetery plot involved: "The respective rights of parties relating to the custody and disposal of the remains of the dead rest upon principles of law distinct and peculiar unto themselves. As was stated in Fox v. Gordon, 16 Phila. 185: 'Questions which relate to the custody and disposal of the remains of the dead do not depend upon the principles which regulate the possession and

ownership of property, but upon considerations arising partly out of the domestic relations, the duties and obligations which spring from family relationship and the ties of blood; partly out of the sentiment so universal among all civilized nations, ancient and modern, that the dead should repose in some spot where they will be secure from profanation; partly out of what is demanded by society for the preservation of the public health, morality and decency, and partly often out of what is required by a proper respect for and observance of the wishes of the departed themselves . . .'

"The tendency of the courts to break away from a common law distinction between property and personal rights, especially regarding the question involved in this case, is recognized in Pettigrew v. Pettigrew, 207 Pa. 313."

We believe, therefore, the complaint states a cause of action.

We also are of the opinion the plaintiffs have the capacity to sue and it is not necessary to join as a party plaintiff a representative of their mother's estate.

The general rule is expressed in 14 Am. Jur. 2d., Cemeteries, §41, as follows: "An action at law for damages for defacement or removal of a tombstone or monument which has been erected at a grave may be maintained during his lifetime by the person who rightfully erected it, and if the injury is inflicted after his death, the heirs at law of the person to whose memory the gravestone or monument was erected may maintain the action." See also 14 C.J.S. 95 §36(b). The surviving persons who rightfully erected the stone in question are the two plaintiffs.

While the preliminary objections do not raise the question of the measure of damages, it was briefed; and, in order to facilitate the trial of the case, we hold

under the pleadings plaintiffs are restricted to an amount which will permit the inscriptions placed on the monument and at its base by defendant to be removed and the monument restored to its original condition, or to the replacement of the monument itself, whichever is the least. The claim for "mental distress and embarrassment" is disallowed since there has been no allegation of malice or wantonness.

## ORDER OF COURT

And now, January 8, 1968, defendant's preliminary objections to plaintiffs' complaint are denied and dismissed in accordance with the foregoing opinion. Defendant is given leave to plead within 20 days from the date of this order.